# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DISVISION
## Civil Action No.: 3:23-cv-00082

| | |
|---|---|
| JACKIE E. NASH, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SHARON BAPTIST CHURCH, | ) |
| Defendant. | ) |

## INTRODUCTION

1. This action seeks to redress wrongs caused by Sharon Baptist Church ("Defendant") when it subjected Jackie E. Nash ("Plaintiff" or "Nash") to a hostile work environment on the basis of her age, attempted to force her into retirement, and ultimately terminated her employment in retaliation for complaining about age based discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34, and North Carolina public policy as set forth in North Carolina's Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

3. Defendant is a non-profit corporation formed under the laws of North Carolina and operating and doing business within the State of North Carolina.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought for unlawful discrimination under the ADEA.

5. The claim for wrongful discharge in violation of North Carolina public policy are based on the common law of the State of North Carolina. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same common nucleus of operative facts as the ADEA claim.

6. This Court has personal jurisdiction because Defendant conducts substantial business operations in Mecklenburg County, North Carolina, which is located within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, which is located within this judicial district.

## COVERAGE ALLEGATIONS

8. Defendant is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year as defined in 29 U.S.C. § 630(b).

9. At all times relevant to this action, Plaintiff was an "employee" of Defendant as defined in 29 U.S.C. § 630(f).

10. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation based on age. On November 15, 2022, the EEOC issued a Notice of Suit Rights and Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Defendant provides weekday pre-school education services for children ages 6 months through transitional kindergarten (ages 5–6 years).

12. At all relevant times, Defendant employs twenty staff members including eighteen teachers, the Director, and the Biblical Curriculum Specialist/Office Assistant.

13. Nash began her employment with Defendant in or about August 1979. In 2012, Defendant promoted Nash to the Director role. In 2019, Nash voluntarily stepped down from the Director role to the Operations Director role.

14. Shortly after Nash stepped down, Defendant named Tiffany Martin ("Martin") as Defendant's Director.

15. Defendant sent an email to all of its members announcing Martin as the new Director and informing all of its members that Nash would remain working for Defendant as the Operations Director. Shortly after emailing all of Defendant's Members, Victor Smith and Kristen Landman told Nash she could remain as the Operations Director for as long as she wanted to continue working.

16. However, in 2021 Martin began a campaign designed to force Nash into retirement. Martin arbitrarily reassigned tasks away from Nash and ostracized her from company meetings and events specifically due to her age.

17. In or about October 2021, Nash complained to Martin about the discriminatory treatment Martin exhibited toward her. Nash asked Martin for feedback on how to improve their relationship and Martin candidly admitted she felt embarrassed she had to continually ask Nash for help fulfilling the duties and responsibilities of the Director position.

18. Following the October 2021 meeting, Martin's campaign intensified. Martin continued to reassign Nash's work to other employees, intentionally excluded Nash from meetings and work functions, and made derogatory comments about Nash's age.

19. On or about April 8, 2022, Nash complained again to Martin about her discriminatory treatment relating to Nash's age. During the conversation, Nash reminded Martin of the letter she received, which stated she could continue working as Operations Director for as long as she wanted to continue working. Martin responded, "[w]e thought you would have retired by now and never intended for you to still be here."

20. On or about April 22, 2022, Defendant terminated Nash's employment because of her age. At the time of her termination, Nash was 76 years old. Upon information and belief, the individual Defendant replaced Nash with is significantly younger.

## Plaintiff's First Cause of Action
### (Violation of ADEA – Discrimination based on Age)

21. Plaintiff incorporates by reference paragraphs 1–20 of her Complaint.

22. Defendant's actions as described in detail in the factual allegations above subjected Plaintiff to unlawful discrimination (harassment) on the basis of her age, in violation of the ADEA.

23. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by the ADEA.

24. The harassment Plaintiff suffered was because of her age.

25. The harassment was severe and pervasive and created a work environment that a reasonable person would consider intimidating, hostile, or abusive.

26. Plaintiff reported the harassment to Defendant. Defendant failed to address the harassment, failed to conduct any investigation into Plaintiff's complaints, and Defendant terminated Plaintiff's employment because of her age.

27. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## Plaintiff's Second Cause of Action
### (Violation of ADEA – Retaliation)

28. Plaintiff incorporates by reference paragraphs 1–27 of her Complaint.

29. Plaintiff was subjected to unlawful retaliation by Defendant in violation of the ADEA when Defendant terminated Plaintiff's employment because Plaintiff complained about age discrimination.

30. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by the ADEA.

31. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## Plaintiff's Third Cause of Action
### (Wrongful Discharge in Violation of Public Policy on the Basis of Age)

32. Plaintiff incorporates by reference paragraphs 1–31 of her Complaint.

33. The public policy of the State of North Carolina as set forth in N.C. Gen. Stat. § 143-422.1, North Carolina's Equal Employment Practices Act, prohibits employers from discriminating against employees on the basis of their age. Plaintiff is 77 years old and is therefore a member of a protected class. This is specifically established in N.C. Gen. Stat. § 143-422.2.

34. Defendant violated the public policy of North Carolina as set forth in N.C. Gen. Stat. § 143-422.1 (North Carolina's Equal Employment Practices Act) by terminating Plaintiff, a member of the protected class, on the basis of her age.

35. As a proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered lost back and future wages and benefits, expenses, and other damages, which Plaintiff seeks from Defendant.

36. Defendant's actions were done maliciously, willfully, or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) Order Defendant to pay to Plaintiff back pay from the time of her termination until final judgment in this matter;

b) Order Defendant to pay front pay and benefits;

c) Order Defendant to pay to Plaintiff compensatory damages;

d) Order Defendant to pay to Plaintiff punitive damages;

e) Order Defendant to pay to Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

f) Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

g) Order Defendant to provide Plaintiff with all other legal and/or equitable relief to which she is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555

GIBBONS LAW GROUP, PLLC
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone:(704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com

*Attorneys for Plaintiff*